IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MAY OGDEN,

        Plaintiff,

  v.

MARSHALL COUNTY DEPARTMENT
OF SOCIAL SERVICES,

        Defendant.

Civil Action No.
3:18-CV-0373 (BKS/DEP)

---

APPEARANCES:                       OF COUNSEL:

FOR PLAINTIFF:

MAY OGDEN, *Pro se*
39 St. John Ave
3rd Floor
Binghamton, NY 13905

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND, RECOMMENDATION

This is a civil rights action brought by *pro se* plaintiff May Ogden pursuant to 42 U.S.C. § 1983. Although her complaint identifies the Marshall County (Alabama) Department of Social Services as the named

defendant, plaintiff's claims center upon a determination by the Marshall County, Alabama Juvenile Court terminating her parental rights with respect to her five children.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Although I find that plaintiff qualifies for leave to proceed without prepayment of fees, because her claims are precluded by the domestic relations exception to federal court jurisdiction and the *Rooker-Feldman*[1] doctrine, I recommend that her complaint be dismissed without leave to replead.

I.     BACKGROUND

Plaintiff commenced this action on March 27, 2018. Dkt. No. 1. Plaintiff's complaint names the Marshall County Department of Social Services, Child Protective Services, located in Guntersville, Alabama, as the sole defendant.[2] *Id.* at 1. In her complaint, plaintiff alleges that her

---

[1]     *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[2]     A municipal department has no separate legal existence and therefore is not separately amenable to suit. *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999). Because in part II.B.2. of this report I recommend that the action be dismissed based on a lack of subject matter jurisdiction, however, I have not recommended the substitution of a proper defendant.

2

rights were violated when, on petition of defendant, her five children were removed from her custody and her parental rights terminated by order issued by Marshall County, Alabama Juvenile Court Judge John M. Mastin on the ground of abandonment. *Id.* at 1-11. As relief, in her complaint plaintiff seeks a retrial of the proceeding during which her parental rights were terminated. *Id.* at 7.

Plaintiff's complaint is accompanied by an application for the appointment of counsel and an IFP application. Dkt. Nos. 2, 3. Those documents reflect that plaintiff's only sources of income are food stamps in the sum of $45 and disability payments in the amount of $750. *Id.*

II.   DISCUSSION

  A.   Plaintiff's IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed IFP if it determines that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[3] In this instance, because I conclude that plaintiff

---

[3] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367

3

meets the requirements for IFP status, her application for leave to proceed without prepayment of fees is granted.[4]

B. <u>Sufficiency of Plaintiff's Complaint</u>

1. <u>Standard of Review</u>

Because I have found that plaintiff satisfies the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a

---

(Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[4] Plaintiff is reminded that, although her IFP application has been granted, she will still be required to pay fees that she incurs in this action, including copying and/or witness fees.

*pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

5

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### 2. Analysis

As was stated earlier, the primary thrust of the complaint in this action is a challenge to an Alabama court determination terminating plaintiff's parental rights with respect to her five children. Two separate legal doctrines require dismissal of plaintiff's complaint. The first concerns the domestic relations exception to federal court jurisdiction. Indeed, federal district courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). In accepting matters for adjudication, district courts must insure that the subject matter requirement is met, and may raise the question of jurisdiction *sua sponte* at any point in the litigation. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir.1997) ("[A] challenge to subject matter jurisdiction . . . may be raised . . . *sua sponte*." (quotation marks and alterations omitted)). "Where jurisdiction is

lacking, . . . dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiffs' federal claims in this action are brought under 42 U.S.C. § 1983, and are couched in terms of constitutional deprivations. *See generally* Dkt. No. 1. Ordinarily, the court would possess subject matter jurisdiction over such claims. 28 U.S.C. §§ 1331, 1343. A judicially recognized exception to federal subject matter jurisdiction exists, however, in matters involving domestic relations. *Ankenbrandt v. Richards*, 504 U.S. 689, 701-04 (1992); *Thomas v. N.Y.C.*, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993). Specifically, the Supreme Court has "recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'"[5] *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12-13 (2004) (quoting *Ankenbrandt*, 504 U.S. at 703).

---

[5] "[A]lthough the domestic relations exception originated in the context of diversity cases, some courts have applied the exception in cases based upon federal question jurisdiction since the policy considerations which underlie the domestic relations exception may apply with equal force in cases arising under the court's federal question jurisdiction." *Thomas*, 814 F. Supp. at 1146 (citations omitted).

8

The exception recognizes that "the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack." *Thomas*, 814 F. Supp. at 1146 (citing *Ankenbrandt*, 504 U.S. at 703-04). "The doctrine also rests on the idea that state courts are peculiarly suited to enforce state regulations and domestic relations decrees involving alimony and child custody particularly in light of the fact that such decrees often demand substantial continuing judicial oversight." *Id.*

While plaintiff has invoked her constitutional rights in this case, it is clear from her complaint that the primary thrust of her claims is aimed at regaining custody of her children. *See, e.g.,* Dkt. No. 1 at 7 (requesting a rehearing concerning whether she is fit to maintain custody of her children and "immediate [sic] return of the children to [her] care"). As the Second Circuit has noted, where tort claims "begin and end in a domestic dispute," state courts are better suited to adjudicate the claims. *See Schottel v. Kutyba*, No. 06-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (affirming, based on the domestic relations exception, the district court's dismissal of the plaintiff's complaint alleging, *inter alia*, that the defendants "fraudulently misrepresented to the court the former couple's residence in

order to file divorce proceedings in New York," and, as a result, plaintiff was "deprived of custody and visitation rights"). Because the complaint in this case concerns state law domestic relations matters, and in particular, because plaintiff seeks to have determinations regarding custody overturned and the return of their children, I recommend the complaint be dismissed for lack of subject matter jurisdiction. *Schottel*, 2009 WL 230106, at *1; *Chadee v. Kaufman*, No. 12-CV-3098, 2012 WL 2564408, at *2 (E.D.N.Y. June 26, 2012) (dismissing the plaintiff's claims challenging the order granting custody of her child to the father, notwithstanding the fact that the plaintiff had invoked her constitutional rights); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 519-20 (E.D.N.Y. Mar. 29, 2010) (dismissing those claims that (1) claim injury from the family court's custody orders, (2) allege breach of custody agreement, and (3) challenge the specific placement of a child pursuant to the family court's order).

The second impediment to plaintiff's pursuit of claims in this action is the *Rooker-Feldman* doctrine. That doctrine recognizes that, except for the Supreme Court, federal courts are not authorized to exercise appellate jurisdiction over state-court judgments. *McKithen v. Brown*, 481 F.3d 89, 96 (2d Cir. 2007). Under the *Rooker-Feldman* doctrine, a district court lacks jurisdiction to consider a plaintiff's claim when "(1) the plaintiff lost in

state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced." *McKithen,* 626 F.3d at 154 (citation omitted). The *Rooker-Feldman* doctrine relates to "lack of subject matter jurisdiction, and may be raised at any time by either party or sua sponte by the court." *Moccio v. N.Y.S. Office of Court Admin.*, 95 F.3d 195, 198 (2d Cir. 1996) (citations omitted), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

This preclusion "merely recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, a role which Congress has reserved to [the Supreme Court]." *Verizon Md. Inc. v. Public Svc. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002). In other words, district courts do not have jurisdiction to hear cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284.

"A plaintiff may not overcome the doctrine and seek a reversal of a state court judgment 'simply by casting his complaint in the form of a civil

11

rights action.'" *Rabinowitz v. N.Y.*, 329 F. Supp. 2d 373, 376 (E.D.N.Y. 2004) (quoting *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993)). "[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *McKithen*, 481 F.3d at 97 (quotation marks omitted).

Because the gravamen of plaintiff's complaint challenges an Alabama court determination regarding custody, plaintiff's claims are precluded by the limitation on this court's jurisdiction. Accordingly, I recommend that plaintiff's complaint in this action be dismissed.

C.  Whether to Permit Amendment

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be

able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, because I find that any amendment that might be offered by plaintiff would be futile, I recommend against granting her leave to amend.[6]

---

[6]     Even if plaintiff's claims in this action were not subject to dismissal based on lack of subject matter jurisdiction as described above in part II.B.2., dismissal is also likely appropriate based upon the lack of personal jurisdiction over a county in Alabama. *See generally* N.Y. C.P.L.R. § 302; *Int'l Shoe v. State of Wash., Office of Unemp't Comp. & Placement*, 326 U.S. 310 (1945).

13

### D. Motion to Appoint *Pro Bono* Counsel

Accompanying plaintiff's complaint and IFP application is a motion for the appointment of *pro bono* counsel. Dkt. No. 3. In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in determining whether to grant a request for the appointment of *pro bono* counsel. In particular, the court should first determine whether the plaintiff's position seems likely to be of substance. *Terminate Control Corp.*, 28 F.3d at 1341 (citing *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986)). If the claim meets this threshold requirement, the court should then consider a number of other factors, including the following:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *accord, Terminate Control Corp.*, 28 F.3d at 1341). Of these criteria, the Second Circuit has "stressed the importance of the apparent merits of the indigent's claims." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). While a plaintiff need not demonstrate that she can win her

case without the aid of counsel, she does have to show "likely merit." *McDowell v. State of N.Y.*, No. 91-CV-2440, 1991 WL 177271, at *1 (S.D.N.Y. 1991).

In this case, as discussed above in part II.B.2., plaintiff's claims in this action are subject to dismissal based on the court's lack of subject matter jurisdiction over the claims asserted in plaintiff's complaint. Accordingly, I find that plaintiff has not demonstrated entitlement to the appointment of counsel and, therefore, her request is denied.

### III. SUMMARY, ORDER, AND RECOMMENDATION

Based upon a review of plaintiff's IFP application, I find that she qualifies for leave to proceed in this action without prepayment of fees. Turning to the merits of plaintiff's complaint, however, I conclude that her claims are barred by the domestic relations exception to this court's jurisdiction and the *Rooker-Feldman* doctrine.

Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed in this action *in forma pauperis* (Dkt. No. 2) is GRANTED, and her application for the assignment of counsel (Dkt. No. 3) is DENIED based upon the recommendation set forth below; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1) be DISMISSED in all respects without leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[7] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated: April 10, 2018
Syracuse, New York

*[signature]*
David E. Peebles
U.S. Magistrate Judge

---

[7] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).